IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**OBIE KEMUEL KENNEDY, and ANDREA LYNN KENNEDY,**<br><br>Debtors. | Chapter 13<br><br>Case No. 12-11223 (BLS) |
| **OBIE KEMUEL KENNEDY, and ANDREA LYNN KENNEDY,**<br><br>Plaintiffs,<br><br>v.<br><br>**FULTON BANK,**<br><br>Defendant. | Adv. No. 12-50841 (BLS) |

Tara A. Blakey, Esq.
Blakely Gregory & Pappoulis
2072 Limestone Road
Wilmington, DE  19808
*Counsel for Plaintiffs*

Michael B. Joseph, Esq.
United States Trustee
824 Market Street
Wilmington, DE  19801

Stephen W. Spence, Esq.
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE  19806
*Counsel for Defendants*

# OPINION[1]

Before the Court is a straightforward question: where a Chapter 13 debtor seeks to strip off a second lien encumbering a primary residence, may the debtor impose a 10% "cost of sale" deduction in valuing the subject property? The answer is "no."

## **BACKGROUND**

These Debtors filed their Chapter 13 petition on April 12, 2012. They own a home located at 30678 Old Sailor Road, Laurel, DE 19956 (the "Property").

The record reflects that the Property is encumbered by three consensual liens. The first mortgage is held by Fulton Bank and is in the amount of $74,501.04. Compl. ¶ 4 [Adv. Docket No. 1]. The second mortgage, also held by Fulton Bank, is in the amount of $53,713.85. *Id.* ¶ 5. Finally, the third mortgage on the Property is held by One Main Financial and is in the amount of $11,175.00. *Id.* ¶ 6.

The Debtors have commenced this adversary proceeding to "strip off" the second and third mortgages, held by Fulton Bank and One Main Financial, respectively. One Main Financial has not objected to or otherwise opposed the relief sought by the Debtors. Fulton Bank has answered the Complaint and, as described in detail below, contends that because the value of the Property exceeds the amount of the first mortgage, the second mortgage cannot be stripped off.

The Court conducted a trial in this matter on April 10, 2013. The Debtors and Fulton Bank have submitted competing appraisals, each of which was admitted into evidence. Kenneth Dixon testified as the Debtors' appraiser, and Susan Hosley testified as Fulton Bank's appraiser. In addition, Debtor Andrea Kennedy testified regarding the Property and its value. *See United States v. Wiseman*, 339 Fed. Appx. 196, 199 (3d Cir. 2009) ("…[I]t has been long and widely recognized

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law, as required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7052, 9014(c).

2

that, '[a]s a general rule, the opinion of a landowner as to the value of his land is admissible without further qualification because of his close relationship with the land.'") (citations omitted).  The matter has been fully briefed and tried and is ripe for decision.

## JURISDICTION AND VENUE

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Consideration of this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

## DISCUSSION

The governing legal standard is not in dispute: pursuant to 11 U.S.C. § 1322(b)(2) (known as the "anti-modification clause"), a Chapter 13 debtor may not modify a mortgage encumbering that debtor's primary residence.  11 U.S.C. § 1322(b)(2) (permitting, under a Chapter 13 plan, modification of secured claims "other than a claim secured only by a security interest in real property that is the debtor's principal residence"); *see also Nobelman v. American Savings Bank*, 508 U.S. 324 (1993).  Courts construing the anti-modification clause have limited its application, however, in circumstances where the record reflects that the value of the senior lien exceeds that value of the subject property, leaving no available collateral for a junior lien holder.  *See, e.g., In re McDonald*, 205 F.3d 606 (3d Cir. 2000).  Put bluntly, if a junior lien is completely out of the money, the anti-modification clause does not preclude strip-off of the lien in a Chapter 13 case.

The value of the liens and collateral are determined in accordance with the valuation and bifurcation provisions of 11 U.S.C. § 506.  *See Nobelman*, 508 U.S. at 328-29; *McDonald*, 205 F.3d at 609.  The party seeking to value and bifurcate secured claims carries the burden of demonstrating the value of the claims and collateral.  *See In re Heritage Highgate, Inc.*, 679 F.3d 132, 140 (3d Cir. 2012).

The question before the Court is whether the Property has value over and above the first lien obligation of $74,501.04. If there is even a single dollar of value available for the second lien holder after satisfaction of the first lien, then § 1322(b)(2) bars strip-off of the second lien and requires that the second lien be treated as fully secured. *See In re Gretz*, No. 09-10069, Adv. No. 09-52848, 2011 WL 1048635, at *3 (Bankr. D. Del. Mar. 18, 2011) (describing the "one-dollar rule").

The appraisals submitted by the Debtors and Fulton Bank reflect values of $80,000 and $142,000, respectively. Obviously, with a first lien of $74,500, each of these valuations appears to place the second lien in the money. However, the Debtors contend that their proposed valuation should be reduced by 10% — taking the value down to $72,000 — to reflect the costs of sale that would be incurred by a first lien lender foreclosing on its collateral. Presuming first that the Debtors' valuation is the correct one, and presuming further that the 10% deduction is appropriate, the Debtors contend that they have demonstrated that the second lien is out of the money and should therefore be stripped off.

The Court need not reach the question of which appraiser's valuation of the Property is more accurate.[2] The Court does not accept Debtors' threshold proposition that the 10% cost-of-sale reduction is appropriate. In this case, the Debtors intend to strip off the lien and keep the Property. To permit a reduced valuation predicated upon fictive costs-of-sale unfairly tilts the process and the result in favor of the Debtors. The presumed "cost-of-sale" deduction may make good and practical sense in a variety of other contexts, but it has no application where the Court is determining the value of a property for purposes of strip-off.

Accordingly, the undisputed record reflects that the value of the Property (by either admitted appraisal) exceeds the value of the first lien. The Debtors' request to strip off the Fulton Bank second lien on

---

[2] The Court notes that both Mr. Dixon and Ms. Hosley testified credibly and competently at trial, and each arrived at an appraisal value in excess of the first mortgage obligation.

4

the Property is DENIED.  The Debtors' request to strip off the third lien of One Main Financial is GRANTED.  An appropriate order follows.

**BY THE COURT**:

Dated: June 10, 2013
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge